IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARTHUR M. MANNIE,            ) | |
|                              ) | |
|          Petitioner,         ) | |
|                              ) | CIVIL ACTION |
| v.                           ) | |
|                              ) | No. 03-3280-CM |
| DAVID MCKUNE, WARDEN,        ) | |
| LANSING CORRECTIONAL         ) | |
| FACILITY and                 ) | |
|                              ) | |
| PHILL KLINE,                 ) | |
| KANSAS ATTORNEY GENERAL,     ) | |
|                              ) | |
|          Respondents.        ) | |

## MEMORANDUM AND ORDER

While in custody at the Lansing Correctional Facility in Lansing, Kansas, petitioner Arthur M. Mannie filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks relief on the following grounds: (1) the trial court erred by admitting substantial evidence of prior unrelated domestic violence in the state's case-in-chief; (2) the trial court committed error by failing to give an instruction for a lesser-included form of aggravated battery; (3) the trial and appellate counsel provided ineffective assistance; (4) the judge deprived petitioner of a fair trial and due process by failing to orally instruct the jury at the close of evidence; and (5) the lower court did not fully address the issues raised by petitioner before refusing to grant an evidentiary hearing and denying relief under Kan. Stat. Ann. § 60-1507. Respondents David McKune, Lansing Correctional Facility Warden, and Phill Kline, Kansas Attorney General, deny these allegations.

**I.      Procedural History**

On April 12, 1999, a jury convicted petitioner of aggravated battery in violation of Kan. Stat. Ann. § 21-3414(a)(1)(A). On May 25, 1999, petitioner was sentenced to a term of seventy-five months in the Kansas Department of Corrections. On direct appeal, petitioner raised the following issues: (1) the trial court erred by admitting substantial evidence of prior unrelated domestic violence in the state's case-in-chief; and (2) the trial court committed error by failing to give an instruction for a lesser-included form of aggravated battery. The Kansas Court of Appeals affirmed petitioner's conviction on October 20, 2000. The Kansas Supreme Court denied review.

On June 5, 2001, petitioner sought state post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507 in the District Court of Sedgwick County, Kansas. In his motion, petitioner alleged that (1) he was denied effective assistance of counsel; (2) the trial court erred in failing to admit evidence favorable to petitioner; and (3) the trial court erred in not dismissing a juror who stated that she knew one of the witnesses in the case. Petitioner filed a supplemental motion arguing that (1) his sentence was in error; (2) the trial court erred in denying his motion for a new trial; and (3) there was insufficient evidence to support his conviction. The district court summarily denied relief on September 14, 2001.

On collateral appeal to the Kansas Court of Appeals, petitioner raised the following issues: (1) the trial judge failed to orally instruct the jury at the close of evidence; (2) petitioner received ineffective assistance of counsel at trial and on appeal; and (3) the lower court failed to fully address the issues raised by petitioner before denying petitioner an evidentiary hearing and relief under Kan. Stat. Ann. § 60-1507. On May 9, 2003, the Kansas Court of Appeals affirmed the district court's denial of post-conviction relief. Petitioner did not seek review with the Kansas Supreme Court. On June 12, 2003, the Clerk of the Appellate Court issued a Mandate to execute the judgment. On July 8, 2003, petitioner filed the instant

request for relief pursuant to 28 U.S.C. § 2254.

## II. Standard of Review

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry is whether the state court's application of the law was objectively unreasonable. *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard). The petitioner need not show that "all

reasonable jurists" would disagree with the decision of the state court. *Williams*, 529 U.S. at 409-10.

This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court does not review a state court decision for errors of state law. *Id.* ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).

## III.    Factual Background

On December 16, 1998, Betty Coleman returned to her home in Wichita, Kansas, and found petitioner, her common-law husband, resting on the couch. A verbal argument ensued between petitioner and Ms. Coleman. Wanting to end the argument, Ms. Coleman went out to her car to leave. Once in the car, Ms. Coleman decided not to allow petitioner to chase her from the house and returned to the house. When she went back inside the house, petitioner grabbed her and threw her against the wall. He picked her up, grabbed her by the neck and threw her into the living room. Ms. Coleman sat up crying. Petitioner punched her in the face, kicked her in the tailbone, and kicked her in the side. She instantly felt excruciating pain after the kick to her side and began to scream and moan. Petitioner yelled at her to quit screaming. Ms. Coleman pulled herself to her feet and leaned over a rocking chair. Petitioner went to the kitchen and returned with a butcher knife. He swung the knife at her and asked if she wanted him to put her out of her misery. She asked petitioner to take her to the hospital, but he refused, saying that the wind was merely knocked out of her. Ms. Coleman asked him several more times to take her to the hospital, but he continued to refuse.

A short time later, their thirteen-year-old son, Avery, heard his mother moaning in the bedroom.

Ms. Coleman told her son that petitioner had hit her and that her stomach hurt. Avery drove her to the emergency room where she was taken to the x-ray and radiology department. The attending physician determined that Ms. Coleman had a ruptured spleen and that emergency surgery was necessary. Ms. Coleman was hospitalized for eight days following surgery.

Petitioner was charged with aggravated battery. The jury found petitioner guilty and he was sentenced to a term of seventy-five months in the Kansas Department of Corrections.

**IV.     Discussion**

*A.      Evidence of Prior Unrelated Domestic Violence*

Petitioner first claims that the trial court erred by admitting substantial evidence of his prior unrelated domestic violence in the state's case-in-chief. Generally, state law questions about the admissibility of evidence are not reviewed in federal habeas proceedings. *Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001). The court "may not interfere with state evidentiary rulings unless the rulings in question rendered 'the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.'" *Id.* (quoting *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989)). A state court's admission of evidence of prior crimes, wrongs or acts will only be disturbed if the "probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies [petitioner] due process of law." *Hopkinson v. Shillinger*, 866 F.2d 1185, 1197 (10th Cir. 1989), *overruled on other grounds by Sawyer v. Smith*, 497 U.S. 227 (1990).

The Kansas Court of Appeals found that petitioner's prior acts were relevant to one of the central issues at trial – whether petitioner's conduct was intentional or reckless. The state court's decision to allow the evidence of petitioner's prior abusive acts does not infringe upon his constitutional rights. Therefore, the

court finds no fundamental unfairness in the admission of the challenged evidence.

### B.     *Instruction for a Lesser-Included Form of Aggravated Battery*

Petitioner's second claim is that the trial court committed error by failing to give an instruction for a lesser-included form of aggravated battery. "A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995). A state court's failure to give an instruction "is less likely to be prejudicial than a misstatement of the law." *Id.* (quotation omitted). The Kansas Court of Appeals found that under Kansas law, the evidence did not support the lesser-included instructions. The court's failure to instruct on the lesser-included offense was not fundamentally unfair and did not deprive petitioner of a fair trial. Moreover, in non-capital cases, the court cannot grant federal habeas relief for the state court's failure to give a lesser-included offense instruction even if warranted by the evidence. *Lujan v. Tansy*, 2 F.3d 1031, 1036-37 (10th Cir. 1993) (citations omitted). Therefore, the court finds that defendant's claim cannot be a basis for federal habeas relief.

### C.     *Procedural Default*

Petitioner's three remaining claims were originally raised in his Kan. Stat. Ann. § 60-1507 proceedings: (1) the trial and appellate counsel's ineffective assistance; (2) the trial judge's failure to orally instruct the jury at the close of evidence; and (3) the trial judge's failure to fully address the issues raised by petitioner before denying him an evidentiary hearing and relief under Kan. Stat. Ann. § 60-1507. Before addressing the merits of petitioner's claims, the court must determine whether petitioner has properly exhausted his claims. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

-7-

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). If a petitioner fails to present his claim to the highest state court, the claim is procedurally defaulted. *O'Sullivan*, 526 U.S. at 848. When a part of the ordinary appellate review procedure, the petitioner must file for review by the highest state court even if the court's review is discretionary. *Id.* In Kansas, "any party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for discretionary review" within thirty days of the Court of Appeals' decision. Kan. S.Ct. R. 8.03(a)(1). The Kansas Court of Appeals decision affirming the denial of petitioner's Kan. Stat. Ann. § 60-1507 motion was issued on May 9, 2003. Petitioner did not appeal to the Kansas Supreme Court. Petitioner has thus failed to exhaust his claims.

Petitioner can no longer exhaust his claims; his time to appeal to the highest state court expired in June 2003. Because he cannot exhaust his claims, petitioner's claims are subject to an anticipatory procedural default. *See Dulin v. Cook*, 957 F.2d 758, 759-60 (1992) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). "[P]etitioner's procedural default must be analyzed under the cause and prejudice standard which requires that petitioner 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Gilbert v. Scott*, 941 F.2d 1065, 1067-68 (10th Cir. 1991) (quoting *Coleman*, 501 U.S. at 749-50). The fundamental miscarriage of justice exception only applies in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Id.* (quoting *McClesky v. Zant*, 499 U.S. 467, 494 (1991)).

Petitioner has presented no evidence showing cause for the default or actual prejudice as a result of

the alleged federal law violation.  Additionally, there is no evidence that petitioner falls within the miscarriage of justice exception.  Therefore, the court finds that federal habeas review of petitioner's remaining claims of constitutional error is barred by petitioner's procedural default.

**IT IS THEREFORE ORDERED** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is denied.

Dated this 21st day of June 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**